IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HERNANDEZ,<br><br>  Petitioner,<br>v.<br><br>T. LAMARQUE, Warden,<br><br>  Respondent. | No. C 99-2681 SBA (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

On September 30, 2002, the Court denied Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254, and the Clerk of the Court entered judgment in favor of Respondent. On October 28, 2002, Petitioner filed an application for a certificate of appealability ("COA"). In an Order dated November 18, 2002, the Court denied Petitioner application for a COA. On June 18, 2003, the Ninth Circuit Court of Appeals affirmed the Court's decision.

Before the Court is Petitioner's Motion for Leave to File a Motion for Reconsideration (docket no. 26). Petitioner moves for reconsideration pursuant to Local Rule 7-9(a). (Mot. for Recon. at 1.) He claims that since the Court has denied his habeas petition on the merits, "two significant United States Supreme Court cases have emerged that casts [sic] a new light on Petitioners [sic] Batson[1] claim making reconsideration appropriate." (Id. at 2.) While Petitioner did file a proof of service stating that he served his motion for reconsideration on the Attorney General's Office, there has been no response by Respondent to the motion.

In the Northern District of California, Local Rule 7-9(a) allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. See Civil L.R. 7-9(a). The Court's Order denying the petition on the merits was not an interlocutory order and final judgment had already been entered when Petitioner filed this motion. Accordingly, the motion for leave to file a motion for reconsideration under Local Rule 7-9(a) is DENIED.

To whatever extent the motion can be construed as a motion for leave to file a motion for

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

1 reconsideration under Rule 59 of the Federal Rules of Civil Procedure, it is DENIED as more than
2 ten days had passed from the date final judgment was entered to the date petitioner filed the motion.
3 See Fed. R. Civ. P. 59(b).

4     Petitioner's motion could be construed as a motion for leave to file a motion for
5 reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for
6 reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect;
7 (2) newly discovered evidence which by due diligence could not have been discovered before the
8 court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been
9 satisfied; or (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b). Motions for
10 reconsideration should not be frequently made or freely granted; they are not a substitute for appeal
11 or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp.
12 v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Subparagraph (6) requires a showing that the
13 grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that
14 the court is wrong in its decision are not adequate grounds for relief. Id.

15     Here, Petitioner does not make a showing of mistake, inadvertence, surprise or excusable
16 neglect. He does not set forth any newly discovered evidence, fraud, or any grounds for finding that
17 the judgment is void or has been satisfied. While Petitioner could be attempting to set forth another
18 reason justifying relief, the Court finds that he has not specifically addressed the applicability of the
19 two United States Supreme Court cases, namely Miller-El v. Dretke, 545 U.S. 231 (2005) and
20 Johnson v. California, 545 U.S. 162 (2005), to his Batson claim, and he has not discussed their
21 retroactivity pursuant to Teague v. Lane, 489 U.S. 288, 311-15 (1989). Furthermore, Petitioner has
22 not properly served the motion on Respondent in order to give him an opportunity to respond.

23 **CONCLUSION**

24     For the foregoing reasons, Petitioner's motion for leave to file a motion for reconsideration
25 pursuant to Local Rule 7-9(a) is DENIED. This Order terminates Docket no. 26.

26     IT IS SO ORDERED.

27 DATED: 3/20/08                                                  Saundra B Armstrong
28                                                              SAUNDRA BROWN ARMSTRONG
                                                             United States District Judge

P:\PRO-SE\SBA\HC.99\Hernandez2681.RECON2.frm

*United States District Court*
*For the Northern District of California*

||||
|---|---|---|
|1|UNITED STATES DISTRICT COURT||
|2|FOR THE||
|3|NORTHERN DISTRICT OF CALIFORNIA||
|6|HERNANDEZ,|Case Number: CV99-02681 SBA|
|7|Plaintiff,|**CERTIFICATE OF SERVICE**|
|8|v.||
|9|LARSON,||
|10|Defendant.  /||

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roger Hernandez J95480
California State Prison - Vacaville
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: March 24, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.99\Hernandez2681.RECON3frm